ADAM VEDDER, *Plaintiff in Error*,

*vs.*

ROSWELL HILDRETH, *Defendant in Error*.

2     427
53 LRA 627n
53 LRA 628n

ERROR TO THE COUNTY COURT OF DODGE COUNTY.

In all cases, the damage to be recovered must be the natural and proximate consequence of the act complained of. It must be a legal and natural, but not a remote consequence.

The statement of this case sufficiently appears in the opinion of the court.

*E. B. Bowen*, for plaintiff in error.

*Collins, Smith & Keyes*, for defendant in error.

*By the Court*, WHITON, C. J. This was an action of trespass, for taking two horses, one wagon, and one double harness. The declaration states, as special damage occasioned by the taking of the property, that at the time when the property was taken, the plaintiff was moving, with his family and household goods, from the town of Rubicon to the State of Illinois, and was employing his horses, wagon and harness for that purpose; that by the taking and detention of the property, he was prevented from pursuing his journey, and put to great expense for the support of himself and family; that when the property was taken, the roads were frozen and the traveling good; but while the property was detained by the defendant, the frost left the ground, and the roads became so muddy that it was wholly impossible for the plaintiff to prosecute his journey, by reason whereof the

plaintiff was detained with his family, &c., and was prevented from putting in his spring crops in the State of Illinois, and put to great expense in buying his provisions, &c. The second count states the special damage somewhat differently, but as no question was made upon the declaratian, it is not necessary to notice it. To this declaration the defendant pleaded the general issue, and also a special plea, setting forth that he was a constable, and had in his hands a writ of attachment issued by a justice of the peace, commanding him to attach the goods, &c., of the plaintiff, to satisfy a debt of sixty-five dollars, and that he seized the said property by virtue of said writ, as he lawfully might do.

The plaintiff, in his replication to this plea, sets up that the property was by law exempt from seizure and sale.

At the trial, the plaintiff, after proving the taking of the property by the defendant, offered to prove the condition of the roads at the time when the property was taken, and also from the time the property was returned to him, for eight weeks afterwards. To each of these questions the defendant objected; but the judge permitted them to be put to the witness, and the defendant excepted. The witness answered that the roads were good when the property was taken, but were bad for a number of weeks after it was returned to the plaintiff. Other questions of a like nature were put to the witness, after being objected to by the defendant, but it is not necessary to notice them.

It appears that a witness was asked what the condition of the goods was when they arrived at Illinois. This question was objected to by the defendant, but

the court overruled the objection, and the defendant excepted. The witness answered that they were mildewed. It appears, also, that the plaintiff was allowed to prove that he could not obtain employment in the vicinity of the place where he was detained, till the middle of March ; the price of labor per day, and also the price of board. To the introduction of this testimony the defendont objected, and excepted to the ruling of the court admitting it.

We do not see how the ruling of the court can be sustained. In all cases, the damage to be recovered must be the natural and proximate consequence of the act complained of. *Sedgwick on the Measure of Damages*, 75 ; 2 *Greenl. Ev.* § 256. It must be a legal and natural, but not a remote consequence. 1 *Chitty's Plead.* 440, 6*th Amer. Ed.* It is often quite difficult to determine whether a given case falls within the rule above stated ; but it seems clear that the damage resulting to the plaintiff in the case before us, from the badness of the roads after the property was taken from him, was caused by an accidental circumstance, not resulting naturally from the taking and detention of the property.

It has been held that maliciously firing cannon at the natives on the coast of Africa, whereby they were prevented from coming to trade with the plaintiffs, and the firing of guns so near the plaintiff's decoy pond as to frighten away the wild fowls, or prevent them from coming there, were acts which made the defendant liable. *Tarlton et al. vs. McGawley, Peake's Cases*, 205 ; *Carrington vs. Taylor*, 11 *East. R.* 571 ; *Keeble vs. Hickeringill, id.* 574.

But no case can be found where a mere accident, or event not resulting naturally from the act done by

the defendant, has been held sufficient to constitute a valid claim for damages. The judgment of the County Court must therefore be reversed, and a new trial ordered.

There were other matters insisted upon by the plaintiff in error which we have not deemed it important to notice.